1    STEPHEN CHIARI (SBN 221410)
schiari@srclaw.com
2    E. CRYSTAL LOPEZ (SBN 296297)
clopez@srclaw.com
3    **SACKS, RICKETTS & CASE LLP**
177 Post Street, Suite 650
4    San Francisco, CA 94108
Telephone: 415-549-0580
5    Facsimile: 415-549-0640

6    *Attorneys for Defendant*
*eBay Inc. and PayPal, Inc.*

7

8             UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10            SAN FRANCISCO DIVISION

| | |
|---|---|
| 11   TODD S. GLASSEY | Case No.: 3:14-CV-03629-WHA |
| 12   and | **DEFENDANTS EBAY INC.'S AND** |
| 13   MICHAEL E. MCNEIL | **PAYPAL, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS** |
| 14 | **PLAINTIFFS' FIRST AMENDED** |
|         Plaintiffs, | **COMPLAINT PURSUANT TO FED. R.** |
| 15 | **CIV. P. 12(B)(6) AND MEMORANDUM** |
|      vs. | **OF POINTS AND AUTHORITIES IN** |
| 16   MICROSEMI INC; THE EITF AND ISOC, | **SUPPORT THEREOF** |
| 17   AND THE US GOVERNMENT AND INDUSTRY PARTNERS (INCLUDING BUT | |
|     NOT LIMITED TO APPLE, CISCO, | Hearing Date: December 4, 2014 |
| 18   EBAY/PAYPAL, GOOGLE, JUNIPER | Time: 8:00 a.m. |
| 19   NETWORKS, MICROSOFT, NETFLIX, | Place: Courtroom 8 |
|     AND ORACLE) USPTO ALJ PETER CHEN | Judge: Hon. William H. Alsup |
| 20   ESQ., AND TWO INDIVIDUALS (MARK HASTINGS AND ERIK VAN DER KAAY) | |
| 21   AS "NAMED DOES," | |
| 22         Defendants. | |

23

24

25

26

27

28

1

**NOTICE OF MOTION AND MOTION TO DISMISS**

2      PLEASE TAKE NOTICE that on December 4, 2014, at 8:00 a.m., or as soon as

3  thereafter as the matter may be heard, in Courtroom 8 of the above-entitled Court, located at the

4  San Francisco Courthouse, 450 Golden Gate Avenue, 19th floor San Francisco, CA, 94102,

5  Defendants eBay Inc. ("eBay") and PayPal, Inc. ("PayPal") (collectively, "Defendants") hereby

6  move to dismiss with prejudice the Complaint filed by plaintiffs Todd Glassey and Michael

7  McNeil ("Plaintiffs").

8      This Motion is brought pursuant to Federal Rule of Civil Procedure 12(b)(6) on the

9  grounds that Plaintiffs' claims against eBay Inc. and PayPal, Inc. fail to state a claim for which

10 relief may be granted.  This Motion to Dismiss is based upon this Notice of Motion and Motion,

11 the Memorandum or Points and Authorities in Support thereof, the Court record, all matters as to

12 which the Court may take judicial notice, and any argument and evidence that may be allowed

13 by the Court.

14

15 Dated: October 17, 2014                          SACKS, RICKETTS & CASE LLP

16

17                                        Signed: */s/ Stephen Chiari*_____
18                                               STEPHEN CHIARI
19                                               E. CRYSTAL LOPEZ
                                                 Attorneys for Defendants
20                                               eBay Inc. and PayPal, Inc.

21

22

23

24

25

26

27

28

- 1 -
_____
**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**
**CASE NO. 3:14-cv-03629-WHA**

1

# **TABLE OF CONTENTS**

2   I.   INTRODUCTION ...................................................................................... 1

3   II.  ARGUMENT ............................................................................................. 1

4        A.   Plaintiffs' Complaint.......................................................................... 1

5        B.   The FAC Does Not Meet the Pleading Requirements of Rule 8(a)........................ 2

6        C.   The FAC Does Not State a Claim for Intentional Interference................................ 3

7        D.   The FAC Does Not State a Claim for Antitrust Violations ..................................... 4

8        E.   Plaintiffs' Claims are Time Barred ........................................................ 5

9        F.   The FAC Should Be Dismissed With Prejudice........................................... 6

10  III. CONCLUSION............................................................................................ 6

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ...........................................................................2

*Atl. Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328 (1990)......................................5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................................2, 3, 5

*Brown Shoe Co. v. United States*, 370 U.S. 294 (1962) ...................................................5

*Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477 (1977) ............................5

*Carrico v. City and County of San Francisco*, No. C 09-0065 WHA, 2009 WL 2435356 (N.D. Cal. Aug. 7, 2009).......................................................................................................6

*Gray v. City and County of San Francisco*, No. C 13-03513 WHA, 2014 WL 546349 (N.D. Cal. Feb. 7, 2014).........................................................................................................6

*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042 (9th Cir. 2008) ........................................3

*Los Angeles Land Co. v. Brunswick Corp.*, 6 F.3d 1422 (9th Cir. 1993) ....................3

**Statutes**

15 U.S.C. § 15b (2012) ....................................................................................................5

Cal. Civ. Proc. Code § 339 .............................................................................................5

**Treatises**

*Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California and Ninth Circuit Editions*, (2014) ............................................................................................2

ii

<strong><u>MEMORANDUM OF POINTS & AUTHORITIES</u></strong>

I.  **<u>INTRODUCTION</u>**

Plaintiffs' First Amended Complaint ("FAC") should be dismissed with prejudice as to Defendants eBay and PayPal as Plaintiffs fail to plead any legally cognizable claim against either of these Defendants.  Indeed, the only allegation in the FAC concerning eBay and PayPal relates to their purported involvement with the Internet Engineering Task Force ("IETF"), an entity that Plaintiffs allege to be part of a vast conspiracy to infringe Plaintiff's intellectual property rights. (FAC, at ¶ 18(c).)  Otherwise, the FAC is silent with respect to both eBay and PayPal, and fails to name either Defendant in connection with any particular cause of action.

Even assuming Plaintiffs intended to assert their Sixth Count for "Tortuous [sic] Interference With Prospective Economic Advantage – Sherman Act/Antitrust" against eBay and PayPal – which is not evident on the face of the Complaint – these claims are fundamentally deficient and fail as a matter of law.  (*See* FAC, at ¶¶ 157–72.)  First, Plaintiffs allege no intentional conduct by eBay or PayPal that could form the basis for an intentional interference claim.  Second, the conclusory antitrust allegations do not come close to establishing the elements necessary to plead a plausible antitrust conspiracy and Plaintiffs' alleged personal economic injury is not a cognizable antitrust injury.  Finally, the FAC fails on its face because all of the claims are time barred.

As set forth in detail below, the FAC should be dismissed as to eBay and PayPal with prejudice because Plaintiffs cannot state any facts to support a claim against eBay and PayPal and any further amendment of Plaintiffs' Complaint would be futile.

<strong><u>STATEMENT OF ISSUES TO BE DECIDED</u></strong>

Whether Plaintiff's First Amended Complaint should be dismissed as to eBay and PayPal under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to state any claim against these Defendants.

II.  **<u>ARGUMENT</u>**

**A.  Plaintiffs' Complaint**

Plaintiffs filed this action on August 11, 2014, alleging that Defendant Microsemi and its

1

predecessors violated a 1999 "Controlling Access Agreement."  (DKT #1, at ¶¶ 92-96.)   On
August 25, 2014, Plaintiffs filed their FAC, adding eBay and PayPal as defendants, as well as
Apple, Cisco, Juniper Networks, Microsoft, Oracle, all of whom Plaintiffs allege are associated
with the IETF.  Plaintiffs also added various governmental officials and agencies as defendants,
alleging that the Government is somehow conspiring to deprive Plaintiffs of counsel to enforce
their purported intellectual property rights.  The crux of Plaintiffs' action appears to be that
Defendant Microsemi (and related persons or entities) breached certain intellectual property
agreements, thereby causing Plaintiffs harm.  In sum, Plaintiffs assert ten claims: (1) Breach of
the Controlling Settlement Agreement; (2) Breach of the Controlling Access Settlement; (3)
Unjust Enrichment; (4) Tortious Interference with Prospective Economic Advantage –
Microsemi; (5) Declaratory Judgment re '629 Patent; (6) Tortious Interference with Prospective
Economic Advantage – Sherman Act/Antitrust; (7) Declaratory Judgment – Patent Fraud; (8)
Declaratory Judgment – transfer of TTI Intellectual Properties; (9) Declaratory Judgment –
Mandatory Acceptance Requirements; and (10) Declaratory Judgment – Defendant US
Government's use of FISA.  None of these claims assert any facts against (or even reference)
eBay and PayPal.  Likewise, while the Sixth Count (Tortious Interference and Antitrust)
references the IETF, it makes no reference to eBay or PayPal.

**B.  The FAC Does Not Meet the Pleading Requirements of Rule 8(a)**

Rule 8(a) requires that Plaintiffs provide sufficient factual allegations to state a claim that
entitles them to relief.  While detailed factual allegations are not required, "a plaintiff's
obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and
conclusions, and a formulaic recitation of the elements of a cause of action will not do. . .
Factual allegations must be enough to raise a right to relief above the speculative level." *Bell
Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).  "To survive a motion to
dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to
relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting
*Twombly*, 550 U.S. at 570).  And "a claim involving more complex elements (e.g., antitrust
conspiracy) requires more extensive factual allegations to establish 'plausibility.'" William W.

2

Schwarzer et al., *Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California and Ninth Circuit Editions*, § 8.128.5 (2014) (citation omitted).  "To allege an agreement between *antitrust co*-conspirators, the complaint must allege *a specific time, place or person* involved in the alleged conspiracies, 'to give a defendant seeking to respond an idea of where to begin.'"  *Id.* § 8.422 (emphasis in original) (citing *Twombly*, 550 U.S. at 564; *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008)).

Here, no plausible claim is stated against eBay or PayPal.  Rather, Plaintiffs allege only that these Defendants have an association with the IETF.  Plaintiffs, however,  state no facts to show how this alleged association gives rise to claims for intentional interference or for antitrust violations.  Instead, the balance of the claims are directed to defendant Microsemi and/or the Government and do not reference or relate to eBay and PayPal.  Accordingly, the FAC should be dismissed as to eBay and PayPal.

### C.  The FAC Does Not State a Claim for Intentional Interference

Plaintiffs' Sixth Count for intentional interference and antitrust violations fails to state a claim against eBay and PayPal.  Under California law, the elements of a claim for tortious interference with prospective economic advantage are: (1) the existence of an economic relationship having probability of future economic benefit to the plaintiff, (2) knowledge by the defendant of the existence of the relationship, (3) intentional acts on the part of the defendant designed to disrupt the relationship, (4) actual disruption of the relationship, and (5) damages to plaintiff that are proximately caused by the defendant's acts.  *Los Angeles Land Co. v. Brunswick Corp.*, 6 F.3d 1422, 1429 (9th Cir. 1993).

The FAC does not allege facts sufficient to satisfy a single element of a tortious interference claim against eBay and PayPal.  That is, Plaintiffs do not allege the existence of any relationship with any third party, let alone a relationship having a probability of future economic benefit.  Nor do Plaintiffs allege that eBay and PayPal had any knowledge of such a relationship or that eBay and PayPal engaged in any intentional conduct designed to disrupt such a relationship.  Rather, Plaintiffs allege that eBay and PayPal (along with Apple, Cisco, Google, Juniper Networks, Microsoft Corporation, and Oracle) are entities that "either both use and

operate within the IETF itself a formal presence and who both use these controlled Intellectual Properties controlled under" various agreements referenced in the Complaint. (FAC, at ¶ 18.) These allegations are equivocal, stated in the alternative against numerous defendants, and cannot be construed in any manner to state an intentional interference claim. Moreover, Plaintiffs' Sixth Count (FAC, at ¶¶ 157–72) makes no allegations concerning (or even referencing) eBay or PayPal. Instead, the FAC alleges that Microsemi refused to confirm Plaintiffs' intellectual property rights to the IETF and "defrauded Plaintiffs by placing an IETF controlled copyright onto Plaintiffs Intellectual Property as part of the standards practice by allowing IETF to use Plaintiffs IP in the systems the standards are and were drafted on." (FAC, at ¶ 162.) Hence, Plaintiffs do not allege that any member or associate of the IETF engaged in any conduct contrary to Plaintiffs' interests. Rather, Plaintiffs' complaint appears to be that Microsemi did not agree with or support Plaintiffs' position before the IETF. Accordingly, Plaintiffs allege no intentional conduct on the part of eBay or PayPal that could possibly form the basis for an interference against these Defendants.

### D.  The FAC Does Not State a Claim for Antitrust Violations

Plaintiffs additionally allege in their Sixth Count that the IETF is committing unspecified Sherman Act violations. Once again, however, there are no allegations that pertain to eBay or PayPal. Instead, Plaintiffs allege the use of infringing products "by IETF with its partner Microsemi and US Government in numerous of its standards despite continuous objection from Glassey." (FAC, at ¶ 165.) Plaintiffs further allege that because the IETF may not be a research or academic institution there is "a natural-trifecta of claims which exist under a number of standards from the Sherman Act to theft of Trade Secrets and in the intentional damage to the IP in the abandonment's of the patents filed in the EU, South Africa, Japan, Brazil, and Canada." (FAC, at ¶ 172.)

Even if those allegations could be somehow construed to reference eBay and PayPal, the claim fails as a matter of law because no plausible antitrust conspiracy or agreement is adequately plead. As the Supreme Court has made clear, stating an antitrust claim: "requires a complaint with enough factual matter (taken as true) to suggest an agreement was made. . . . [A]n

4

allegation of parallel conduct and a bare assertion of conspiracy will not suffice.  Without more, parallel conduct does not suggest conspiracy, and conclusory allegations of agreement at some unidentified point does not supply facts adequate to show illegality." *Twombly,* 550 U.S. at 556-57.  Here, Plaintiffs do not allege any facts to suggest an illegal agreement involving eBay or PayPal was ever made.

In addition, the antitrust claim fails because Plaintiffs complain solely of personal financial injury—which is not the type of injury the antitrust laws were meant to remedy. Instead, the antitrust laws are intended to prevent an "antitrust injury"—*i.e.*, an injury to competition.  As the Supreme Court has explained, "[t]he antitrust laws . . . were enacted for 'the protection of competition not competitors' . . .  Plaintiffs must prove antitrust injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful.  The injury should reflect the anticompetitive effect either of the violation or of anticompetitive acts made possible by the violation."  *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 488-89 (1977) (quoting *Brown Shoe Co. v. United States*, 370 U.S. 294, 320 (1962)); *see Atl. Richfield Co. v. USA Petroleum Co.,* 495 U.S. 328, 344 (1990) ("The antitrust injury requirement ensures that a plaintiff can recover only if the loss stems from a competition-*reducing* aspect or effect of the defendant's behavior.")  Here, the gravamen of the Plaintiffs' complaint is that Plaintiffs were unable to enforce their intellectual property rights against the world (or an alleged three billion daily infringers).  (FAC, at ¶ 38.) This is a personal injury consisting of lost potential royalties, and not an injury to marketplace competition.

### E.  Plaintiffs' Claims are Time Barred

Even were Plaintiffs able to state a claim against eBay or PayPal, any such claim would be time barred.  The statute of limitations for intentional interference with prospective economic advantage is two years (Cal. Civ. Proc. Code § 339), and the limitations period for antitrust claims is four years (15 U.S.C. § 15b) (2012).  The allegations of the FAC disclose that those limitations periods have long run.  That is, Plaintiffs' claims all hinge on purported breaches of agreements with Microsemi.  Plaintiffs allege that in 1999, Microsemi's predecessor, Datum,

5

breached a Co-Inventor Agreement.  (FAC, at ¶¶ 84-85.)  Plaintiffs further allege that a Controlling Access Agreement (which appears to be the primary basis of their claims) was breached by Microsemi in 2001.  (FAC, at ¶¶ 130, 140–42.)  Plaintiffs also allege that the "fraud" they complain of "could have been stopped by defendant Microsemi as far back as 2004."  (FAC, at ¶ 40.)  Plaintiffs further assert that the tortious interference they complain of has taken place over "the last decade" "despite continuous objection from Glassey."  (FAC, at ¶¶ 161, 165.)  Accordingly, as Plaintiffs were admittedly well aware of the alleged wrongdoing at the time it occurred, there is no basis for tolling and Plaintiffs' claims are time barred.

### F.  The FAC Should Be Dismissed With Prejudice

The FAC – which is devoid of any specific allegations of wrongdoing by either eBay or PayPal – not only fails to state a claim against these Defendants, but also makes clear that no plausible claim could ever be stated.  In light of the apparent deficiencies of Plaintiffs' FAC and given that Plaintiffs' claims are clearly time-barred, amendment of the FAC would be futile.  Accordingly, Defendants respectfully submit that any dismissal should be with prejudice.  *See Gray v. City and County of San Francisco*, No. C 13-03513 WHA, 2014 WL 546349 (N.D. Cal. Feb. 7, 2014) (dismissing pro se complaint with prejudice because amendment would be futile); *Carrico v. City and County of San Francisco*, No. C 09-0065 WHA, 2009 WL 2435356 (N.D. Cal. Aug. 7, 2009) (dismissing federal substantive due process challenge without leave to amend because amendment would be futile).

### III.  CONCLUSION

For the reasons discussed herein and the entire record herein, Defendants eBay and PayPal respectfully request that the Court dismiss the FAC with prejudice.

Dated: October 17, 2014                SACKS, RICKETTS & CASE LLP

Signed: */s/ Stephen Chiari*
STEPHEN CHIARI
E. CRYSTAL LOPEZ
Attorneys for Defendants
eBay Inc. and PayPal, Inc.

6