IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD S. GLASSEY and MICHAEL E. MCNEIL,

    Plaintiffs,

  v.

MICROSEMI INC, THE IETF AND ISOC, AND THE US GOVERNMENT AND INDUSTRY PARTNERS (INCLUDING BUT NOT LIMITED TO APPLE, CISCO, EBAY/PAYPAL, GOOGLE, JUNIPER NETWORKS, MICROSOFT, NETFLIX, AND ORACLE), USPTO ALJ PETER CHEN ESQ., AND TWO INDIVIDUALS (MARK HASTINGS AND ERIK VAN DER KAAY) AS "NAMED DOES,"

    Defendants.

No. C 14-03629 WHA

**ORDER STRIKING COMPLAINT AND VACATING HEARINGS**

**INTRODUCTION**

Two *pro se* plaintiffs allege that "the entire world has become an infringer" based on a technology that allegedly controls "most all online commerce globally." They have sued a litany of individuals and entities, including numerous technology companies, federal agencies, the Governor of California, and the President of the United States. Six defendants have filed motions to dismiss. No defendants have filed an answer. For the reasons stated herein, the first amended complaint is hereby **STRICKEN**.

**STATEMENT**

*Pro se* plaintiffs are Todd S. Glassey and Michael E. McNeil.[*] The first amended complaint alleges as follows.

In October 1998, plaintiffs say they entered into an agreement in which Digital Delivery, Inc. ("DDI") allegedly agreed to submit a "Controlling Access" patent application. DDI then became a wholly-owned subsidiary of Datum, Inc., which then commenced a lawsuit against plaintiffs (and Glassey-McNeil Technologies), which settled. In pertinent part, as part of that settlement in 1999, plaintiffs say they agreed to assign all rights to the "Controlling Access" patent and "Phase II Technology" to Datum. U.S. Patent Nos. 6,370,629 and 6,393,126 issued in 2002. Datum was identified as the assignee on the face of both patents.

In October 2013, Mr. Glassey and Mr. McNeil (via counsel) commenced an action against Symmetricom, Inc., which allegedly acquired the "assets and liabilities of Datum" in 2002. *Glassey, et al. v. Symmetricom, Inc.*, No. 3:13-cv-04662-NC (N.D. Cal.) (Judge Nat Cousins) (Dkt. Nos. 1, 40, 45). The action was voluntarily dismissed without prejudice, after an order to show cause regarding subject-matter jurisdiction issued.

In August 2014, Mr. Glassey and Mr. McNeil — now proceeding *pro se* — commenced this action. The first amended complaint is fifty pages. In essence, to the extent comprehensible, it alleges that Datum interfered with plaintiffs' efforts to license the "Phase II Technology, as embodied in the '629 Patent" (Amd. Compl. ¶ 122). The agreements from the late 1990s were allegedly "breached" by defendant Microsemi Inc. The "Phase II Technology" was and is allegedly "inside the machines" adopted by the "Internet Engineering Task Force" ("IETF"), a "global standards organization." "The functional result is that everyone using the Local Area Networking Protocols outside the Internet is also an infringer" (Amd. Compl. ¶¶ 37–39).

---

[*] Mr. Glassey has commenced several actions in our district. *See, e.g.*, *Glassey v. Amano Corp., et al.*, No. 04-05142 (N.D. Cal. Bankr.) (Judge Marilyn Morgan); *Glassey v. National Institute of Standards & Technologies, et al.*, No. 5:04-cv-02522-JW (N.D. Cal.) (Judge James Ware); *Glassey v. Amano Corporation, et al.*, No. 5:05-cv-01604-RMW (N.D. Cal.) (Judge Ronald Whyte); *Glassey v. D-Link Corporation*, No. 4:06-cv-06128-PJH (N.D. Cal.) (Judge Phyllis Hamilton); *Glassey, et al. v. Symmetricon, Inc.*, No. 3:13-cv-04662-NC (N.D. Cal.) (Judge Nathanael Cousins).

The "World's Internet Standards [have] created three billion daily infringers" and the "net-effect is this single Patent now controls (or there are claims for) most all online commerce globally." The antitrust laws allegedly have been violated to prevent plaintiffs from exploiting their "global monopoly." Numerous federal agencies, including the Department of Commerce, Department of Energy, Department of Transportation, Department of the Treasury, Department of Defense, and so forth, allegedly use "infringing technologies." Cisco Systems, Inc., Google Inc., Microsoft Corp., Oracle Corp., eBay, Inc., PayPal, Inc., Microsemi Inc., and others are also referenced in the pleading (Amd. Compl. ¶¶ 17, 18, 163).

The pleading further alleges that this dispute implicates "national security." It speculates that the President of the United States issued a "National Security Letter" to cover up a "fraud" and that this letter "may have been" served on the "California Judiciary" (Amd. Compl. ¶¶ 188–91). This action was reassigned to the undersigned judge in September 2014.

Plaintiff Mr. Glassey then filed a motion for a "three-judge panel," which was denied. He also larded the record with voluminous "exhibits" (Dkt. Nos. 17–31, 53–57).

Now, Cisco Systems, Inc., the Internet Society (and the Internet Engineering Task Force), eBay Inc., PayPal, Inc., and Google Inc. move to dismiss the first amended complaint. Mr. Glassey opposes (Dkt. Nos. 79, 80, 81, 82, 83, 84, 94, 95). Although he failed to obtain prior permission to file a sur-reply, it has been reviewed. Other defendants that have appeared have filed stipulations to extend the time to respond to the operative pleading. For example, the deadline for the United States to respond is currently December 11. *No defendant has filed an answer*. The parties (that have appeared) have also filed a stipulation to continue the November 20 case management conference.

**ANALYSIS**

The first amended complaint suffers from so many deficiencies that it would be hopeless to proceed. This order will only address a few of the fundamental difficulties.

3

*First*, the pleading fails to state a claim for relief against the vast majority of the "defendants." For example, Cisco, eBay, PayPal, and Google are mentioned only twice in the pleading. There is only a brief reference to whether they are members of a standards organization (and whether they are Delaware corporations) and a reference to plaintiffs' prayer for an "award" from "Cisco, Google, Apple, eBay, PayPal, Oracle [and] Microsoft." This is wholly insufficient.

*Second*, the pleading fails to contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be more than mere "labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 558 (2007). Plaintiffs' pleading is so bare that most of the allegations necessary to state the litany of claims referenced in passing are missing. In a conclusory fashion, the pleading references "Sherman Act violations," "constitutional violations" under the Fourth, Fifth, Seventh, and Fourteen Amendments, infringement under patent and copyright law, misappropriation of trade secrets, breach of contract, unjust enrichment, intentional inference with prospective economic advantage, conversion, fraud, and declaratory relief. No claims are properly alleged.

*Third*, many of the claims are time barred. Plaintiffs' dispute centers upon agreements allegedly entered in the late 1990s and alleged torts from 2001 and 2004. The limitations period passed long ago.

*Fourth*, plaintiffs appear to lack standing to assert at least some of the claims. Defendant Microsemi Inc. appears to be the assignee of at least one of the patents referenced in the pleading and no ownership of a valid copyrighted work is alleged.

This order highlights some of the fundamental difficulties with plaintiffs' first amended complaint but there are many more.

**CONCLUSION**

Accordingly, for the reasons stated herein, the first amended complaint is hereby **STRICKEN IN ITS ENTIRETY**. There is no operative pleading in this action. Accordingly, the November 20 hearing and case management conference, December 4 hearing, and December 11 hearing are hereby **VACATED**. Plaintiffs have until **NOVEMBER 13, 2014 AT NOON** to file a proper second amended complaint. It must cure the deficiencies identified herein. Failure to do

4

so may well result in dismissal with prejudice.  Plaintiffs must plead their best and most plausible case and further opportunities to plead will not likely be allowed.  This order resolves docket numbers 63, 73, 90, 104, and 107.

**IT IS SO ORDERED.**

Dated:   October 30, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5