IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD S. GLASSEY and MICHAEL E. MCNEIL,

    Plaintiffs,

  v.

MICROSEMI INC, US GOVERNMENT, PRESIDENT OF THE UNITED STATES, STATE OF CALIFORNIA, GOVERNOR BROWN, THE IETF AND THE INTERNET SOCIETY, APPLE INC., CISCO INC., EBAY INC., PAYPAL INC., GOOGLE INC., JUNIPER NETWORKS, MICROSOFT CORP., NETFLIX INC., ORACLE INC., MARK HASTINGS, ERIK VAN DER KAAY, AND THALES GROUP, and "UNSERVED" DOES,

    Defendants.

No. C 14-03629 WHA

**ORDER GRANTING MOTIONS TO DISMISS, STRIKING SECOND AMENDED COMPLAINT, DENYING ALL PENDING MOTIONS FOR SUMMARY JUDGMENT, AND VACATING HEARINGS**

    Two *pro se* plaintiffs seek to obtain millions of dollars in damages for the "largest fraud loss in history" based on allegations they say "sounded Looney originally." Nevertheless, they have sued more than twenty defendants, including the United States. Plaintiffs claim to own the intellectual property rights to "a part of virtually all networking systems in use globally" and that their rights "control most online commerce in the US today."

    A week after filing their second amended complaint, plaintiffs filed six "dispositive" motions, including a motion to take a multi-trillion dollar loss on their 2014 taxes and a motion to assign themselves patent rights they admit they do not own.

    Having reviewed the more than 1,000 pages larded in the record by plaintiffs, this order rules as follows. For the reasons stated herein, all claims are **DISMISSED WITH PREJUDICE**. The motions to dismiss are **GRANTED**. All of plaintiffs' motions are **DENIED**.

\*            \*           \*

*Pro se* plaintiffs are Todd Glassey and Michael McNeil.[*] Defendants include the United States, the "State of California," individuals, and many technology companies — including, Apple Inc., Cisco Inc., eBay Inc., Google Inc., Juniper Networks Inc., Microsemi Inc., Microsoft Corp., Netflix Inc., Oracle Corp., PayPal Inc., and more. The United States has appeared and at least seven law firms were retained for this matter.

In essence, to the extent comprehensible, the eighty-page second amended complaint alleged that plaintiffs assigned their intellectual property rights to an entity called Datum Inc. in 1999 via two settlement agreements. Defendant Microsemi Corp. is now the assignee of the patents referenced in the second amended complaint.

After the settlement agreements were signed — approximately seven years later — plaintiffs commenced a lawsuit in Santa Cruz Superior Court, alleging malpractice, breach of contract, and other claims arising from the settlement agreements. Plaintiffs then voluntarily dismissed the lawsuit. *McNeil, et al. v. Symmetricom, Inc.*, No. CV-165643 (Santa Cruz Sup. Ct.).

Plaintiffs subsequently commenced a new lawsuit in federal court. *Glassey, et al. v. Symmetricom, Inc.*, No. 3:13-cv-04662-NC (N.D. Cal.) (Judge Nat Cousins). That action was voluntarily dismissed as well, after an order to show cause regarding subject-matter jurisdiction was issued.

*Pro se* plaintiffs later commenced this action. Their motion for a "three-judge panel" was denied. Six defendants then moved to dismiss and in an October 2014 order, the first amended complaint was stricken. Plaintiffs were given one more chance to plead their best and most plausible case. They were warned that failure to cure the identified deficiencies could result in dismissal with prejudice (Dkt. No. 109). The initial case management conference was vacated.

---

[*] Mr. Glassey has commenced several actions in our district. *See, e.g.*, *Glassey v. Amano Corp., et al.*, No. 04-05142 (N.D. Cal. Bankr.) (Judge Marilyn Morgan); *Glassey v. National Institute of Standards & Technologies, et al.*, No. 5:04-cv-02522-JW (N.D. Cal.) (Judge James Ware); *Glassey v. Amano Corporation, et al.*, No. 5:05-cv-01604-RMW (N.D. Cal.) (Judge Ronald Whyte); *Glassey v. D-Link Corporation*, No. 4:06-cv-06128-PJH (N.D. Cal.) (Judge Phyllis Hamilton); *Glassey, et al. v. Symmetricom, Inc.*, No. 3:13-cv-04662-NC (N.D. Cal.) (Judge Nat Cousins).

An eighty-page second amended complaint was then filed. A week later, plaintiffs filed six motions. Defendant Internet Society filed a motion to dismiss. Both sides were then invited to show cause regarding whether the second amended complaint should (or should not) be stricken. Defendant Microsemi, Inc. then filed a motion to dismiss.

In response to the order to show cause, plaintiffs, the United States, and the other defendants (who have appeared) each filed briefs. This order rules as follows.

### 1. RENEWED MOTION FOR THREE-JUDGE PANEL.

Plaintiffs' motion is **DENIED**. A prior order denied the original motion for a three-judge panel (Dkt. No. 70). Now, plaintiffs move again for a three-judge panel. As stated before, no three-judge panel is required.

### 2. MOTION TO QUASH FISA OR RELATED WARRANTS.

Plaintiffs' motion is **DENIED**. Plaintiffs move to quash "any existing Intelligence or Internationally issued FISA or Intelligence Warrants" concerning various "intellectual property." Plaintiffs do not know if any warrants exist, they forthrightly admit. They instead speculate that "treason" has occurred and that there is a "seditious conspiracy" by various foreign governments to refuse to open fraud investigations, and that there "could" be interference with potential attorney-client relationships. The United States filed an opposition brief (Dkt. No. 158).

No motion to quash "FISA or related warrants" could possibly be justified on this record. The Supreme Court has stated in the FISA context that a mere speculative chain of possibilities does not suffice to establish Article III standing. *Clapper v. Amnesty International USA*, — U.S. —, 133 S. Ct. 1138, 1150 (2013). Plaintiffs' theory, to the extent comprehensible, is farfetched. Their contention that it is possible that FISA warrants may exist and that those warrants (if they exist) were issued to an unidentified "attorney" which then could create a "conflict of interest" that offends the Constitution is rejected.

### 3. MOTION FOR PARTIAL SUMMARY JUDGMENT RE "FRAUD LOSS."

Plaintiffs' motion is **DENIED**. Plaintiffs move to take a multi-trillion dollar "fraud loss" on their 2014 taxes based on "loss of access" to their "intellectual property rights" based on "abandoned" patent applications allegedly filed in foreign countries. Plaintiffs point to online

3

1  "printouts" from patent offices in Europe, South Africa, Japan, Brazil, Korea, Canada, and
2  Australia. Plaintiffs' requests for judicial notice, which were not properly authenticated, are
3  **DENIED**.

4  The United States responds that plaintiffs' motion should be denied because (1) there is no
5  jurisdiction; (2) there is no evidence the United States waived its sovereign immunity; (3)
6  plaintiffs' motion was procedurally improper because it was filed before any defendant answered
7  the complaint; and (4) the bare motion lacked any sworn and authenticated support.

8  *None of the relief demanded by plaintiffs is granted*. This Court lacks jurisdiction over the
9  "tax" matter plaintiffs brought. Since the United States Attorney is already aware of this motion,
10 it will not be referred to their office. The United States Attorney may forward a copy of
11 plaintiffs' filings and this order to the Internal Revenue Service and any other agencies as
12 appropriate. Plaintiffs' motion to take a "fraud loss" on their 2014 taxes is **DENIED**.

### 4. MOTION TO VOID THE DDI AND TTI SETTLEMENTS.

14 Plaintiffs state that docket number 123 "replaces" docket number 118. Nevertheless, both
15 briefs have been read.

16 Plaintiffs move to award themselves "full custody" of two United States patents by
17 moving to "void" the settlement agreements they signed more than fifteen years ago. In short
18 (based on the unauthenticated settlement agreements filed by plaintiffs), in the "DDI settlement,"
19 in exchange for $300,000, plaintiffs agreed to assign all rights, title, and interest in the
20 "Controlling Access Patent" and patent application to Datum, Inc. Plaintiffs also granted Datum
21 a non-exclusive, irrevocable worldwide license to the "Phase II Technology and derivative
22 thereof" with rights to sublicense (Dkt. No. 121-3). In the "TTI settlement," in exchange for
23 royalties for the years 2000 through 2002, plaintiffs agreed to disclaim any ownership in or rights
24 to the "Protected Technology," a term defined at length in the settlement agreement (Dkt. No.
25 121-2).

26 To "void" these two settlement agreements, plaintiffs reference two decisions: *Gellman v.*
27 *Telular Corp.*, 449 F. App'x 941, 945 (Fed. Cir. 2011) and *Talbot v. Quaker-State Oil Ref. Co.*,
28 104 F.2d 967, 969 (3d Cir. 1939). Plaintiffs' reliance on *Gellman* and *Talbot* is misplaced.

4

In *Gellman* (an unpublished decision), the Federal Circuit affirmed dismissal for lack of standing. Plaintiff's late husband was a named co-inventor of the asserted patent. Because all of the legal owners of the asserted patent were not parties to the action and plaintiff's evidence of sole ownership was "thin and unsupportive," dismissal was proper. Here too, plaintiffs lack standing to assert patent infringement. (More on this below.)

In *Talbot* (a non-binding decision from 1939), the Third Circuit affirmed dismissal because of *res judicata*. The Supreme Court of Pennsylvania had previously held that one joint owner of a patent had the power to grant a license to the patent without the consent of the other co-owner. That judgment was binding in the later-filed federal lawsuit. Neither *Gellman* nor *Talbot* support "voiding" the two settlement agreements here.

Defendant Microsemi states that it is the current assignee, the "sole owner and the only party permitted to enforce the two patents at issue" (Opp. 1). It argues that plaintiffs' motion should be denied because (1) plaintiffs' claims are barred by the four-year statute of limitations; (2) the second amended complaint relied on the validity of the two settlement agreements plaintiffs now seek to "void;" (3) no rescission claim was pled in the second amended complaint; and (4) plaintiffs' motion was procedurally improper because it was filed before any defendant answered the complaint and before the initial case management conference (Dkt. No. 148).

No reasonable juror could find that the settlement agreements plaintiffs signed in 1999 should be "voided" based on the record presented. Indeed, no notice of this "claim for relief" was provided in the second amended complaint and none of plaintiffs arguments is persuasive. Even if plaintiffs never received a "countersigned copy" of the settlement agreements for "12 and 3/4 years," plaintiffs sued to enforce those agreements back in 2009. The statute of limitations has passed.

Accordingly, plaintiffs' motion is **DENIED**. To the extent not relied upon, Microsemi's requests for judicial notice are **DENIED AS MOOT**.

**5. MOTION FOR PARTIAL SUMMARY JUDGMENT OF PATENT INVENTORSHIP.**

Plaintiffs' motion is **DENIED**. Plaintiffs move to add themselves as named inventors to a patent and to "reassign" that patent and "all published instances of it" to themselves. As "proof,"

5

plaintiffs argue that the "existence" of their settlement agreements (the very same agreements they sought to "void" above) purportedly supports removing the named inventors and making plaintiffs the sole inventors.

Defendant Microsemi argues that (1) plaintiffs' inventorship claim is barred by laches since the relevant patent issued in 2002; (2) there is no clear and convincing evidence that plaintiffs contributed to conception of the claimed invention; (3) plaintiffs provided no proof that "all published instances" of the patent should be "reassigned" to them; and (4) plaintiffs' motion was procedurally improper because it was filed before any defendant answered the complaint and before the initial case management conference (Dkt. No. 156).

There is no evidence in the record, let alone clear and convincing evidence, supporting the relief demanded by plaintiffs. Plaintiffs' motion is **DENIED**. To the extent not relied upon, Microsemi's requests for judicial notice are **DENIED AS MOOT**.

### 6. MOTION FOR PARTIAL SUMMARY JUDGMENT RE "PERFORMANCE RIGHTS."

Plaintiffs' Motion is **DENIED**. To the extent comprehensible, plaintiffs seek "full PERFORMANCE RIGHTS STANDING against the execution of any program derived from an IETF Standard containing Plaintiffs' PHASE-II IPs" (Br. 2). Plaintiffs argue that the Internet Engineering Task Force ("IETF") is a "rogue state," who published standards used by technology companies, including Apple, Google, Cisco, Microsoft, Oracle, Juniper Networks, and so forth. Plaintiffs seek copyright protection over the IETF's publications.

Defendant Internet Society is a non-profit corporation and the IETF is an "organized activity" within it — not a legal entity — defendant clarifies. In any event, Internet Society argues that no relief can be provided for plaintiffs' bare motion, which was unsupported by specific sworn facts. In pertinent part, Internet Society argues that (1) the second amended complaint failed to allege ownership in any identifiable copyrighted work and (2) plaintiffs failed to identify any specific publication or standard promulgated by defendant. The "narratives" plaintiffs larded into the record in no way support the relief demanded, says defendant. Internet Society also argues that plaintiffs should be ordered to show cause why they should not be

6

declared a vexatious litigant. (No motion to declare plaintiffs a vexatious litigant has been brought.)

None of the relief demanded by plaintiffs is warranted by this record. Plaintiffs have not shown any specific sworn evidence that they "own" the Internet Society's publications. Plaintiffs' motion is **DENIED**.

### 7. DISMISSAL OF THE SECOND AMENDED COMPLAINT.

Months have passed and plaintiffs have utterly failed to file a pleading that states a plausible claim. None of plaintiffs' pleadings (Dkt. Nos. 1, 6, 112) satisfied *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiffs are now on their second amended complaint, after their prior pleading was stricken for a multitude of defects. At that time, plaintiffs were warned that failure to plead their best and most plausible case could result in dismissal with prejudice (Dkt. No. 109).

It is now hopeless to continue with this lawsuit. There are too many fundamental problems with plaintiffs' pleading so only a few will be called out now. *First*, plaintiffs have failed to establish that the United States has waived its sovereign immunity, or that they have standing to sue the United States. *Second*, plaintiffs lack standing to assert patent infringement for even they concede that they do not own the asserted patents. *Third*, plaintiffs' claims are time-barred. Most, if not all, of plaintiffs' claims date back to the 1990s and early 2000s. The statute of limitations has long passed. *Fourth*, the second amended complaint failed to allege antitrust injury.

Having considered plaintiffs' second amended complaint, plaintiffs' oppositions to the motions to dismiss, and plaintiffs' response to the order to show cause, this order finds that granting leave to amend would be futile. Plaintiffs have failed to cure the multitude of defects previously identified, despite having had an opportunity to review the then-pending six motions to dismiss and the prior order striking the complaint. Twenty defendants, including the United States, and seven law firms should not be dragged into incurring the expense of this hopeless and utterly frivolous lawsuit. Accordingly, defendants' motions to dismiss and to strike the second amended complaint are **GRANTED**.

**CONCLUSION**

For the reasons stated herein, all of plaintiffs' motions are **DENIED**. To the extent not relied upon, all of plaintiffs' requests for judicial notice are **DENIED**. The second amended complaint is hereby **STRICKEN**. The entire action is **DISMISSED WITH PREJUDICE**. All hearings herein (*i.e.*, January 8, 15, and 29) are hereby **VACATED**. Judgment shall be entered in a separate order.

**IT IS SO ORDERED.**

Dated: December 29, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE