# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

333 Constitution Avenue, NW
Washington, DC 20001-2866
Phone: 202-216-7000 | Facsimile: 202-219-8530

Plaintiff: **Glassey and McNeil In Pro Se**

vs.    Civil Action No. **3:14-CV-03629**

Defendant: **Microsemi Inc, et Al.**

## CIVIL NOTICE OF APPEAL

Notice is hereby given this ___ day of January 20 15 , that Glassey and McNeil do hereby Amend the original Notice of Appeal hereby appeals to the United States Court of Appeals for the District of Columbia Circuit from the judgement of this court entered on the 29 day of Dec , 20 14 , in favor of Defendants (and US Government) against said Claims of Intellectual Property Fraud Losses and related matters

Todd S. Glassey, In Pro Se
Attorney or Pro Se Litigant

(Pursuant to Rule 4(a) of the Federal Rules of Appellate Procedure a notice of appeal in a civil action must be filed within 30 days after the date of entry of judgment or 60 days if the United States or officer or agency is a party)

USCA Form 13
August 2009 (REVISED)

Name _____
Address _____
City, State, Zip _____
Phone _____
Fax _____
E-Mail _____

☐ FPD ☐ Appointed ☐ CJA ☐ Pro Per ☐ Retained

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | CASE NUMBER: |
|---|---|
| PLAINTIFF(S), | |
| v. | |
| | **NOTICE OF APPEAL** |
| DEFENDANT(S). | |

NOTICE IS HEREBY GIVEN that _____ hereby appeals to
*Name of Appellant*
the United States Court of Appeals for the Ninth Circuit from:

**Criminal Matter**

☐ Conviction only [F.R.Cr.P. 32(j)(1)(A)]
☐ Conviction and Sentence
☐ Sentence Only (18 U.S.C. 3742)
☐ Pursuant to F.R.Cr.P. 32(j)(2)
☐ Interlocutory Appeals
☐ Sentence imposed:

☐ Bail status:

**Civil Matter**

☐ Order (specify):

☐ Judgment (specify):

☐ Other (specify):

Imposed or Filed on _____. Entered on the docket in this action on _____.

A copy of said judgment or order is attached hereto.

_____                _____
Date                                    Signature
                                        ☐ Appellant/ProSe   ☐ Counsel for Appellant   ☐ Deputy Clerk

**Note:** The Notice of Appeal shall contain the names of all parties to the judgment or order and the names and addresses of the attorneys for each party. Also, if not electronically filed in a criminal case, the Clerk shall be furnished a sufficient number of copies of the Notice of Appeal to permit prompt compliance with the service requirements of FRAP 3(d).

A-2 (01/07)                     **NOTICE OF APPEAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD S. GLASSEY and MICHAEL E. MCNEIL,

    Plaintiffs,

v.

MICROSEMI INC, US GOVERNMENT, PRESIDENT OF THE UNITED STATES, STATE OF CALIFORNIA, GOVERNOR BROWN, THE IETF AND THE INTERNET SOCIETY, APPLE INC., CISCO INC., EBAY INC., PAYPAL INC., GOOGLE INC., JUNIPER NETWORKS, MICROSOFT CORP., NETFLIX INC., ORACLE INC., MARK HASTINGS, ERIK VAN DER KAAY, AND THALES GROUP, and "UNSERVED" DOES,

    Defendants.

No. C 14-03629 WHA

**ORDER GRANTING MOTIONS TO DISMISS, STRIKING SECOND AMENDED COMPLAINT, DENYING ALL PENDING MOTIONS FOR SUMMARY JUDGMENT, AND VACATING HEARINGS**

    Two *pro se* plaintiffs seek to obtain millions of dollars in damages for the "largest fraud loss in history" based on allegations they say "sounded Looney originally." Nevertheless, they have sued more than twenty defendants, including the United States. Plaintiffs claim to own the intellectual property rights to "a part of virtually all networking systems in use globally" and that their rights "control most online commerce in the US today."

    A week after filing their second amended complaint, plaintiffs filed six "dispositive" motions, including a motion to take a multi-trillion dollar loss on their 2014 taxes and a motion to assign themselves patent rights they admit they do not own.

    Having reviewed the more than 1,000 pages larded in the record by plaintiffs, this order rules as follows. For the reasons stated herein, all claims are **DISMISSED WITH PREJUDICE**. The motions to dismiss are **GRANTED**. All of plaintiffs' motions are **DENIED**.

    \*                \*                \*

1  *Pro se* plaintiffs are Todd Glassey and Michael McNeil.[*] Defendants include the United
2  States, the "State of California," individuals, and many technology companies — including,
3  Apple Inc., Cisco Inc., eBay Inc., Google Inc., Juniper Networks Inc., Microsemi Inc., Microsoft
4  Corp., Netflix Inc., Oracle Corp., PayPal Inc., and more. The United States has appeared and at
5  least seven law firms were retained for this matter.

6  In essence, to the extent comprehensible, the eighty-page second amended complaint
7  alleged that plaintiffs assigned their intellectual property rights to an entity called Datum Inc. in
8  1999 via two settlement agreements. Defendant Microsemi Corp. is now the assignee of the
9  patents referenced in the second amended complaint.

10  After the settlement agreements were signed — approximately seven years later —
11  plaintiffs commenced a lawsuit in Santa Cruz Superior Court, alleging malpractice, breach of
12  contract, and other claims arising from the settlement agreements. Plaintiffs then voluntarily
13  dismissed the lawsuit. *McNeil, et al. v. Symmetricom, Inc.*, No. CV-165643 (Santa Cruz Sup.
14  Ct.).

15  Plaintiffs subsequently commenced a new lawsuit in federal court. *Glassey, et al. v.
16  Symmetricom, Inc.*, No. 3:13-cv-04662-NC (N.D. Cal.) (Judge Nat Cousins). That action was
17  voluntarily dismissed as well, after an order to show cause regarding subject-matter jurisdiction
18  was issued.

19  *Pro se* plaintiffs later commenced this action. Their motion for a "three-judge panel" was
20  denied. Six defendants then moved to dismiss and in an October 2014 order, the first amended
21  complaint was stricken. Plaintiffs were given one more chance to plead their best and most
22  plausible case. They were warned that failure to cure the identified deficiencies could result in
23  dismissal with prejudice (Dkt. No. 109). The initial case management conference was vacated.

---

[*] Mr. Glassey has commenced several actions in our district. *See, e.g.*, *Glassey v. Amano Corp., et al.*, No. 04-05142 (N.D. Cal. Bankr.) (Judge Marilyn Morgan); *Glassey v. National Institute of Standards & Technologies, et al.*, No. 5:04-cv-02522-JW (N.D. Cal.) (Judge James Ware); *Glassey v. Amano Corporation, et al.*, No. 5:05-cv-01604-RMW (N.D. Cal.) (Judge Ronald Whyte); *Glassey v. D-Link Corporation*, No. 4:06-cv-06128-PJH (N.D. Cal.) (Judge Phyllis Hamilton); *Glassey, et al. v. Symmetricom, Inc.*, No. 3:13-cv-04662-NC (N.D. Cal.) (Judge Nat Cousins).

1 An eighty-page second amended complaint was then filed. A week later, plaintiffs filed six motions. Defendant Internet Society filed a motion to dismiss. Both sides were then invited to show cause regarding whether the second amended complaint should (or should not) be stricken. Defendant Microsemi, Inc. then filed a motion to dismiss.

In response to the order to show cause, plaintiffs, the United States, and the other defendants (who have appeared) each filed briefs. This order rules as follows.

### 1. RENEWED MOTION FOR THREE-JUDGE PANEL.

Plaintiffs' motion is **DENIED**. A prior order denied the original motion for a three-judge panel (Dkt. No. 70). Now, plaintiffs move again for a three-judge panel. As stated before, no three-judge panel is required.

### 2. MOTION TO QUASH FISA OR RELATED WARRANTS.

Plaintiffs' motion is **DENIED**. Plaintiffs move to quash "any existing Intelligence or Internationally issued FISA or Intelligence Warrants" concerning various "intellectual property." Plaintiffs do not know if any warrants exist, they forthrightly admit. They instead speculate that "treason" has occurred and that there is a "seditious conspiracy" by various foreign governments to refuse to open fraud investigations, and that there "could" be interference with potential attorney-client relationships. The United States filed an opposition brief (Dkt. No. 158).

No motion to quash "FISA or related warrants" could possibly be justified on this record. The Supreme Court has stated in the FISA context that a mere speculative chain of possibilities does not suffice to establish Article III standing. *Clapper v. Amnesty International USA*, — U.S. —, 133 S. Ct. 1138, 1150 (2013). Plaintiffs' theory, to the extent comprehensible, is farfetched. Their contention that it is possible that FISA warrants may exist and that those warrants (if they exist) were issued to an unidentified "attorney" which then could create a "conflict of interest" that offends the Constitution is rejected.

### 3. MOTION FOR PARTIAL SUMMARY JUDGMENT RE "FRAUD LOSS."

Plaintiffs' motion is **DENIED**. Plaintiffs move to take a multi-trillion dollar "fraud loss" on their 2014 taxes based on "loss of access" to their "intellectual property rights" based on "abandoned" patent applications allegedly filed in foreign countries. Plaintiffs point to online

3

"printouts" from patent offices in Europe, South Africa, Japan, Brazil, Korea, Canada, and Australia. Plaintiffs' requests for judicial notice, which were not properly authenticated, are **DENIED**.

The United States responds that plaintiffs' motion should be denied because (1) there is no jurisdiction; (2) there is no evidence the United States waived its sovereign immunity; (3) plaintiffs' motion was procedurally improper because it was filed before any defendant answered the complaint; and (4) the bare motion lacked any sworn and authenticated support.

*None of the relief demanded by plaintiffs is granted*. This Court lacks jurisdiction over the "tax" matter plaintiffs brought. Since the United States Attorney is already aware of this motion, it will not be referred to their office. The United States Attorney may forward a copy of plaintiffs' filings and this order to the Internal Revenue Service and any other agencies as appropriate. Plaintiffs' motion to take a "fraud loss" on their 2014 taxes is **DENIED**.

### 4. MOTION TO VOID THE DDI AND TTI SETTLEMENTS.

Plaintiffs state that docket number 123 "replaces" docket number 118. Nevertheless, both briefs have been read.

Plaintiffs move to award themselves "full custody" of two United States patents by moving to "void" the settlement agreements they signed more than fifteen years ago. In short (based on the unauthenticated settlement agreements filed by plaintiffs), in the "DDI settlement," in exchange for $300,000, plaintiffs agreed to assign all rights, title, and interest in the "Controlling Access Patent" and patent application to Datum, Inc. Plaintiffs also granted Datum a non-exclusive, irrevocable worldwide license to the "Phase II Technology and derivative thereof" with rights to sublicense (Dkt. No. 121-3). In the "TTI settlement," in exchange for royalties for the years 2000 through 2002, plaintiffs agreed to disclaim any ownership in or rights to the "Protected Technology," a term defined at length in the settlement agreement (Dkt. No. 121-2).

To "void" these two settlement agreements, plaintiffs reference two decisions: *Gellman v. Telular Corp.*, 449 F. App'x 941, 945 (Fed. Cir. 2011) and *Talbot v. Quaker-State Oil Ref. Co.*, 104 F.2d 967, 969 (3d Cir. 1939). Plaintiffs' reliance on *Gellman* and *Talbot* is misplaced.

4

1    In *Gellman* (an unpublished decision), the Federal Circuit affirmed dismissal for lack of
2  standing. Plaintiff's late husband was a named co-inventor of the asserted patent. Because all of
3  the legal owners of the asserted patent were not parties to the action and plaintiff's evidence of
4  sole ownership was "thin and unsupportive," dismissal was proper. Here too, plaintiffs lack
5  standing to assert patent infringement. (More on this below.)

6    In *Talbot* (a non-binding decision from 1939), the Third Circuit affirmed dismissal
7  because of *res judicata*. The Supreme Court of Pennsylvania had previously held that one joint
8  owner of a patent had the power to grant a license to the patent without the consent of the other
9  co-owner. That judgment was binding in the later-filed federal lawsuit. Neither *Gellman* nor
10  *Talbot* support "voiding" the two settlement agreements here.

11    Defendant Microsemi states that it is the current assignee, the "sole owner and the only
12  party permitted to enforce the two patents at issue" (Opp. 1). It argues that plaintiffs' motion
13  should be denied because (1) plaintiffs' claims are barred by the four-year statute of limitations;
14  (2) the second amended complaint relied on the validity of the two settlement agreements
15  plaintiffs now seek to "void;" (3) no rescission claim was pled in the second amended complaint;
16  and (4) plaintiffs' motion was procedurally improper because it was filed before any defendant
17  answered the complaint and before the initial case management conference (Dkt. No. 148).

18    No reasonable juror could find that the settlement agreements plaintiffs signed in 1999
19  should be "voided" based on the record presented. Indeed, no notice of this "claim for relief" was
20  provided in the second amended complaint and none of plaintiffs arguments is persuasive. Even
21  if plaintiffs never received a "countersigned copy" of the settlement agreements for "12 and 3/4
22  years," plaintiffs sued to enforce those agreements back in 2009. The statute of limitations has
23  passed.

24    Accordingly, plaintiffs' motion is **DENIED**. To the extent not relied upon, Microsemi's
25  requests for judicial notice are **DENIED AS MOOT**.

26    **5.    MOTION FOR PARTIAL SUMMARY JUDGMENT OF PATENT INVENTORSHIP.**

27    Plaintiffs' motion is **DENIED**. Plaintiffs move to add themselves as named inventors to a
28  patent and to "reassign" that patent and "all published instances of it" to themselves. As "proof,"

5

1 plaintiffs argue that the "existence" of their settlement agreements (the very same agreements
they sought to "void" above) purportedly supports removing the named inventors and making
plaintiffs the sole inventors.

Defendant Microsemi argues that (1) plaintiffs' inventorship claim is barred by laches
since the relevant patent issued in 2002; (2) there is no clear and convincing evidence that
plaintiffs contributed to conception of the claimed invention; (3) plaintiffs provided no proof that
"all published instances" of the patent should be "reassigned" to them; and (4) plaintiffs' motion
was procedurally improper because it was filed before any defendant answered the complaint and
before the initial case management conference (Dkt. No. 156).

There is no evidence in the record, let alone clear and convincing evidence, supporting the
relief demanded by plaintiffs. Plaintiffs' motion is **DENIED**. To the extent not relied upon,
Microsemi's requests for judicial notice are **DENIED AS MOOT**.

### 6. MOTION FOR PARTIAL SUMMARY JUDGMENT RE "PERFORMANCE RIGHTS."

Plaintiffs' Motion is **DENIED**. To the extent comprehensible, plaintiffs seek "full
PERFORMANCE RIGHTS STANDING against the execution of any program derived from an
IETF Standard containing Plaintiffs' PHASE-II IPs" (Br. 2). Plaintiffs argue that the Internet
Engineering Task Force ("IETF") is a "rogue state," who published standards used by technology
companies, including Apple, Google, Cisco, Microsoft, Oracle, Juniper Networks, and so forth.
Plaintiffs seek copyright protection over the IETF's publications.

Defendant Internet Society is a non-profit corporation and the IETF is an "organized
activity" within it — not a legal entity — defendant clarifies. In any event, Internet Society
argues that no relief can be provided for plaintiffs' bare motion, which was unsupported by
specific sworn facts. In pertinent part, Internet Society argues that (1) the second amended
complaint failed to allege ownership in any identifiable copyrighted work and (2) plaintiffs failed
to identify any specific publication or standard promulgated by defendant. The "narratives"
plaintiffs larded into the record in no way support the relief demanded, says defendant. Internet
Society also argues that plaintiffs should be ordered to show cause why they should not be

1 declared a vexatious litigant. (No motion to declare plaintiffs a vexatious litigant has been
2 brought.)

3 None of the relief demanded by plaintiffs is warranted by this record. Plaintiffs have not
4 shown any specific sworn evidence that they "own" the Internet Society's publications.
5 Plaintiffs' motion is **DENIED**.

6 **7. DISMISSAL OF THE SECOND AMENDED COMPLAINT.**

7 Months have passed and plaintiffs have utterly failed to file a pleading that states a
8 plausible claim. None of plaintiffs' pleadings (Dkt. Nos. 1, 6, 112) satisfied *Ashcroft v. Iqbal*,
9 556 U.S. 662, 678 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
10 Plaintiffs are now on their second amended complaint, after their prior pleading was stricken for a
11 multitude of defects. At that time, plaintiffs were warned that failure to plead their best and most
12 plausible case could result in dismissal with prejudice (Dkt. No. 109).

13 It is now hopeless to continue with this lawsuit. There are too many fundamental
14 problems with plaintiffs' pleading so only a few will be called out now. *First*, plaintiffs have
15 failed to establish that the United States has waived its sovereign immunity, or that they have
16 standing to sue the United States. *Second*, plaintiffs lack standing to assert patent infringement
17 for even they concede that they do not own the asserted patents. *Third*, plaintiffs' claims are
18 time-barred. Most, if not all, of plaintiffs' claims date back to the 1990s and early 2000s. The
19 statute of limitations has long passed. *Fourth*, the second amended complaint failed to allege
20 antitrust injury.

21 Having considered plaintiffs' second amended complaint, plaintiffs' oppositions to the
22 motions to dismiss, and plaintiffs' response to the order to show cause, this order finds that
23 granting leave to amend would be futile. Plaintiffs have failed to cure the multitude of defects
24 previously identified, despite having had an opportunity to review the then-pending six motions
25 to dismiss and the prior order striking the complaint. Twenty defendants, including the United
26 States, and seven law firms should not be dragged into incurring the expense of this hopeless and
27 utterly frivolous lawsuit. Accordingly, defendants' motions to dismiss and to strike the second
28 amended complaint are **GRANTED**.

**CONCLUSION**

For the reasons stated herein, all of plaintiffs' motions are **DENIED**. To the extent not relied upon, all of plaintiffs' requests for judicial notice are **DENIED**. The second amended complaint is hereby **STRICKEN**. The entire action is **DISMISSED WITH PREJUDICE**. All hearings herein (*i.e.*, January 8, 15, and 29) are hereby **VACATED**. Judgment shall be entered in a separate order.

**IT IS SO ORDERED.**

Dated: December 29, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TODD S. GLASSEY and MICHAEL E. MCNEIL,

    Plaintiffs,

  v.

MICROSEMI INC, US GOVERNMENT,
PRESIDENT OF THE UNITED STATES,
STATE OF CALIFORNIA, GOVERNOR BROWN,
THE IETF AND THE INTERNET SOCIETY,
APPLE INC., CISCO INC., EBAY INC.,
PAYPAL INC., GOOGLE INC.,
JUNIPER NETWORKS, MICROSOFT CORP.,
NETFLIX INC., ORACLE INC., MARK HASTINGS,
ERIK VAN DER KAAY, AND THALES GROUP,
and "UNSERVED" DOES,

    Defendants.

No. C 14-03629 WHA

**JUDGMENT**

For the reasons stated in the accompanying order granting motions to dismiss and striking second amended complaint, **FINAL JUDGMENT IS HEREBY ENTERED** in favor of defendants and against plaintiffs. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: December 29, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

Todd S. Glassey, In Pro Se, and
Todd S. Glassey In Pro Se,
305 McGaffigan Mill Rd.
Boulder Creek CA 95006
408-890-7321
tglassey@earthlink.net
AND
Michael E. McNeil, In Pro Se
PO Box 640
Felton CA 95018-0640
831-246-0998
memcneil@juno.com

UNITED STATES COURT OF APPEALS

San Francisco Division

| | |
|---|---|
| Todd. S. Glassey, In Pro Se, and , <br><br> Michael E. McNeil, In Pro Se, <br><br> Plaintiffs, <br><br> vs. <br><br> Microsemi et Al, <br><br> Defendants | Appeal No.: 14-17574 <br><br> Motion to Correct Filing Error and refer to DC Circuit |

Notice of Motion and Motion to Transfer Newly Filed Appeal to DC Circuit

Plaintiffs improperly filed this appeal with the Ninth Circuit, it should have gone to the DC Circuit because of the amount of the matter pertaining to Tax Code and IRS related matters.

DC Circuit Referral - 1

1  Because no substantive work has happened yet in the matter other than
2  docketing, this is the perfect time to move the appeal to the proper venue,
3  the Court of Appeals for the DC Circuit.
4
5  Therefore to correct that filing error, Plaintiffs do move with this notice
6  of motion and motion the Clerk of the Court be ordered to transfer this
7  appeal  to the DC Circuit so it may be heard and properly referred to the
8  Court of Federal Claims therein.

Dated this 7th day of January, 2015

/s/ Todd S. Glassey
   Todd S. Glassey In Pro Se,
   305 McGaffigan Mill Rd.
   Boulder Creek CA 95006
   408-890-7321
   tglassey@earthlink.net

/s/ Michael E. McNeil
AND
Michael E. McNeil, In Pro Se
PO Box 640
Felton CA 95018-0640
831-246-0998
memcneil@juno.com

May it please the Court,

<u>Declaration in Explanation of the Filing Error in the matter herein.</u>

1. I Todd S. Glassey Declare the following under the penalty of perjury of the Laws of the United States of America.

### Notice of Appeal form has no check box or method of noticing the clerk which Court the appeal goes to

2. That I and Mr. McNeil reviewed the Pro Se Appellate Manual and filed the documents specifically as instructed.
3. The Ninth Circuit Appellate Pro Se instructions require the use of the Courts NOTICE OF APPEAL form.
4. That the NOTICE OF APPEAL FORM has no way or place to indicate to the Clerk of the US District Court where to refer the Appeal.

5. The Clerk as such assumes all appeals filed through them go to the NINTH CIRCUIT by default.

### Our Matter has Tax Code and Revenue implications - should have been heard before the Court of Federal Claims

6. This matter for instance never should have been filed in the San Francisco District Court, it is a Tax Related Matter and should have been heard before the US Court of Federal Claims.
7. As such it was always our intent to file the Appeal with the DC Circuit to place the decisions pertaining to the larger issues of jurisdiction and venue in the hands of the people responsible for the rulings on tax code and enforcement issues.

8. As a Pro Se litigant McNeil and I realized this late into the process, and apologize to the court for adding more work to its already overburdened schedule.
9. We therefore ask the Clerk of the Ninth Circuit to refer this matter to the US Court of Appeals for the DC Circuit;

Jan 7th 2015, /s/ Todd S. Glassey, from Boulder Creek Ca, 95006

**Supplemental Memorandum pertaining to Jurisdiction**

1. 26 U.S.C. § 7482(a)(1). Congress originally placed venue for all appeals from decisions issued by the U.S. Board of Tax Appeals – later renamed the U.S. Tax Court – in the regional circuits, unless the individual did not file a return. 26 U.S.C. § 1141(b)(1) (1940) (providing that "decisions may be reviewed by the Circuit Court of Appeals for the circuit in which is located the collector's office to which was made the return of the tax in respect of which the liability arises or, if no return was made, then by the United States Court of Appeals for the District of Columbia")

2. Since in this matter no Tax Return was filed this matter by its very nature MUST be appealed to the DC Circuit. Further from James Bamberg, *A Different Point of Venue: The Plainer Meaning of Section 7482(b)(1)*, 61 TAX LAW. 445 (2008), in which the author contends that [a] plain meaning reading of the [statute] instructs that the D.C. Circuit Court is the appropriate venue, the default even, for all tax cases on appeal from the Tax Court that are not expressly brought up in section 7482(b)(1). Thus, it would appear that cases dealing with . . . "collection due process" hearings . . . should all be appealed to the D.C. Circuit Court.

3. In 1966, Congress changed the venue provision, adding two subsections that prescribed the proper venue for appeals from Tax Court decisions concerning redetermination requests sought by individuals and by corporations. Pub. L. No. 89-713, § 3(c), 80 Stat. 1107, 1108-09 (1966) (codified at 26 U.S.C. § 7482(b)(1)(A)-(B) (1970)). For both corporations and individuals, the statute stated that the proper venue for appeals involving redeterminations of liability was the federal court of appeals for the circuit in which the taxpayer's residence was located. *Id.* However, for the appeal of any case not enumerated in subsection (A) and (B), it assigned venue to the D.C. Circuit. *Id.* In other words, in 1966, Congress deliberately made the D.C. Circuit the default venue for tax cases.

4. Between 1966 and 1997, as Congress continued to expand the jurisdiction of the Tax Court, it also amended § 7482(b)(1) to add four more subsections, § 7482(b)(1)(C)-(F), that established venue based on a taxpayer's residency. *See* Revenue Act of 1978, Pub. L. No. 95-600, § 336(c), 92 Stat. 2763, 2842; Employee Retirement Income Security Act of 1974, Pub. L. No. 93-406, § 1041(b), 88 Stat. 829, 950-51; Tax Reform Act of 1976, Pub. L. No. 94-455, §§ 1042(d), 1306(b), 90 Stat. 1520, 1638-39, 1719; Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. No. 97-248, § 402, 96 Stat. 324, 668; Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1239, 111 Stat. 788, 1028. After these various revisions, the D.C. Circuit remained the default venue if "for any reason no subparagraph [assigning venue to a regional circuit] applies." 26 U.S.C. § 7482(b)(1). Unlike its approach when expanding Tax Court jurisdiction to other areas, Congress did not alter the venue provision when it created the CDP framework in 1998.

/s/ Todd S. Glassey, From Boulder Creek Ca, 95006, 7-jan-2015

## **PROOF OF SERVICE**

This Motion to Refer this Matter to the DC Circuit is filed here in paper for the Clerk of the Ninth Circuit Appellate Court and electronically in the CASE FILE inside CAND based on my ECF account; As of today all parties in this matter are still active on the CAND ECF System and will be noticed through the ECF system of this filing.

Additionally a PDF copy of all documents filed is being Emailed to each of the attorney's representing defendants in the matter in addition to the ECF notice.


/s/ __Todd S. Glassey, _____
Todd S. Glassey, Plaintiff, Jan-7th 2015